FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/17/2023 5:11 PM
JAMIE SMITH
DISTRICT CLERK
B-211030

CAUSE NO. B-211030

| | | |
|---|---|---|
| DELANIA HOOSIER PLAINTIFF, | § | IN THE DISTRICT COURT |
| v. | § | 60th JUDICIAL DISTRICT |
| WALMART INC., DEFENDANT | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, DELANIA HOOSIER (hereinafter "Plaintiff"), complaining of and about WALMART INC., (hereinafter "Defendant"), and would show the court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends discovery to be conducted under Level 3 of the Discovery Control Plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

This court has jurisdiction and venue is proper in Jefferson County, Texas because it is the county in which a substantial part of the cause(s) of action described in this Original Petition occurred.

### III.
### PARTIES AND SERVICE

1.      Plaintiff, DELANIA HOOSIER, brings this action individually and resides in Orange County, Texas.

2.      Defendant, WALMART INC., is a business or corporation doing business in the State of Texas and may be served with citation through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201 or anywhere Defendant may be found.

Exhibit A

## IV.
## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of the parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice.

## V.
## FACTS

On or about April 4, 2021, Defendant WALMART INC., failed to properly supervise, train, hire, and/or monitor an agent, employee, and/or representative of Defendant WALMART INC. when the agent, employee, and/or representative struck Plaintiff with a cart, resulting in serious injuries to Plaintiff.

## VI.
## NEGLIGENCE

At the time of the incident made the basis of this lawsuit, Defendant, by and through it's employee, agent, and/or representatives, was negligent in failing to properly supervise, train, hire, and/or monitor an agent, employee, an/or representative that caused the injuries made the basis of Plaintiff's lawsuit. Defendant, by and through it's employee, agent, and/or representative, had the duty to exercise the requisite level of care. Defendant, by and through it's employee, agent, and/or representatives, breached that duty in one or more of the following ways:

a.      in failing to properly train Defendant's agent, employee, and/or representative to prevent such incidents;

b.      in failing to properly warn Plaintiff of the hazardous condition(s);

c.      in failing to maintain a proper lookout for Plaintiff;

d.      in failing to properly supervise Defendants' agent, employee, and/or representative;

e.      in failing to adjust the work to a level appropriate for the circumstances;

Exhibit A

f.      in failing to recognize and identify the hazardous condition(s);

g.      in failing to take appropriate measures to avoid the hazardous condition(s);

h.      by negligently striking Plaintiff with a cart; and/or

i.      in failing to maintain a safe work environment.

These acts of omission and commission, collectively and severally, constitute negligence as that term is defined under Texas law, and said negligence was a proximate cause of the injuries and damages to Plaintiff. Accordingly, Defendant is liable to Plaintiff.

## VII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered the following damages:

1.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable, usual and customary charges for such services in Jefferson County, Texas;

2.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3.      Physical pain and suffering in the past;

4.      Physical pain and suffering in the future;

5.      Mental anguish in the past;

6.      Mental anguish in the future;

7.      Physical impairment in the past;

8.      Physical impairment which, in all reasonable probability, will be suffered in the future;

9.      Disfigurement in the past;

10.     Disfigurement which, in reasonable probability, will be suffered in the future;

11.     Lost wages in the past;

12.     Loss of earning capacity in the future; and/or

13.     All other relief, at law or equity, to which Plaintiff may be entitled.

Exhibit A

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

VII.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff DELANIA HOOSIER respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount over $250,000.00 but not more than $5,000,000.00; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LASSITER LAW FIRM**
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
(713) 521-0104–Telephone
(713) 521-0103–Facsimile
tim@lassiterlaw.net
service@lassiterlaw.net

By: _____

James M. Lassiter, III
State Bar No. 11969825
Timothy M. McHale
State Bar No. 24046393
Mohammed H. Nabulsi
State Bar No. 24105686
ATTORNEYS FOR PLAINTIFF

Exhibit A

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Lassiter on behalf of James Lassiter
Bar No. 11969825
yvonne@lassiterlaw.net
Envelope ID: 71874386
Status as of 1/18/2023 8:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| James MLassiter | | Service@lassiterlaw.net | 1/17/2023 5:11:27 PM | SENT |
| Timothy McHale | | tim@lassiterlaw.net | 1/17/2023 5:11:27 PM | SENT |

Exhibit A